# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **RUFUS J. HENRY**<br>        **LA. DOC #74334** | **CIVIL ACTION NO. 6:10-cv-0720** |
| **VS.** | **SECTION P** |
| | **JUDGE MELANÇON** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HANNA** |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Rufus J. Henry filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 28, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. In this petition he attacks his 1991 second degree murder conviction in the Twenty-Seventh Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

### *Background*

Petitioner was convicted of Second Degree Murder on September 24, 1991 in case number 91-K-0046-D of the Twenty-Seventh Judicial District Court, St. Landry Parish.  Thereafter, the mandatory life sentence was imposed.  His conviction and sentence were affirmed in an unpublished opinion of the Third Circuit Court of Appeals on December 9, 1992. *State v. Henry*, 610 So.2d 285 (La. App. 3 Cir. 12/9/1992) (Table).

His subsequent collateral attacks of this conviction were denied by the Louisiana Courts and on July 17, 2002 he filed a petition for writ of *habeas corpus* in this Court. Petitioner argued that he was entitled to *habeas* relief because the systematic racial discrimination in the process of selecting Grand Jury foremen in St. Landry Parish, along with other defects in the indictment and trial, rendered his conviction unconstitutional.  On January 7, 2003 United States District Court Judge Rebecca F. Doherty adopted Magistrate Judge C. Michael Hill's Report and Recommendation and rendered judgment dismissing the petition with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). See *Rufus J. Henry v. Warden Burl Cain*, Civil Action No. 6:02-cv-1515 at Docs. 1 (petition), 5 (Report and Recommendation) and 6 (Judgment).

Some years later petitioner commenced a second round of state post-conviction litigation by filing a Motion to Correct an Illegal Sentence; he  again argued that the Grand Jury Indictment was defective.  Since his motion attacked errors leading to conviction, and not the legality of his sentence,  it was ultimately construed as an application for post-conviction relief and dismissed as untimely by both the Third Circuit Court of Appeals [*State of Louisiana v. Rufus Henry*, No. KH 09-00135 (La. App. 3 Cir. 6/3/2009) at Doc. 1, p. 8] and the Louisiana Supreme Court. [*State ex rel. Rufus Henry v. State of Louisiana*, 2009-1476 (La. 4/16/2010) at Doc. 1, p. 7]

Petitioner filed the instant petition on April 28, 2010 claiming that the Grand Jury Indictment was defective because it "... is not a written accusation made by the Grand Jury nor is there nine (9) Grand Jurors that concurred together to make the conviction or sentence binding." [Doc. 1, p. 2]

### *Law and Analysis*

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is

successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The prohibition against second and successive *habeas* petitions has also been described as "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably omitted from the earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir .2000).

The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's first *habeas corpus* – Civil Action No. 6:02-cv-1515– was dismissed with prejudice as time-barred. However, the dismissal of a *habeas* petition as untimely is a determination on the merits. Compare *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

The current petition which attacks the same conviction and sentence as the first petition, is therefore second or successive. Since the instant petition is "second or successive" petitioner must obtain authorization to file from the Fifth Circuit before it may be considered by this court.  See 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The record does not show that petitioner has received such authorization.  Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187

F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631.

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas* be deemed a successive *habeas corpus* petition and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*,

79 F.3d 1415 (5th Cir.1996).

     In Chambers, Lafayette, Louisiana July 15, 2010.


                                        Patrick J. Hanna
                                        United States Magistrate Judge
                                        800 Lafayette St., Suite 3500
                                        Lafayette, Louisiana 70501
                                        (337) 593-5140 (phone) 593-5155 (fax)